FILED

2022 Mar-17  PM 03:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

JORDAN COLBURN,
EDGAR FARLOW,
JONATHAN LAYFIELD,
JACOB ROSE,
 & AUSTIN VANSCHOUBROEK,

     PLAINTIFFS,

VS.               CV NO.:

MASHBURN PLUMBING, LLC
& JOESPH D. MASHBURN,

                      **JURY TRIAL DEMANDED**

     DEFENDANTS.        **COMPLAINT**

## I.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

## II.    PARTIES

2.    Plaintiff, Jordan Colburn, (hereinafter "Colburn" or "Plaintiff") is a resident of Pell City, St. Clair County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the

events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Middle Division.

3.      Plaintiff, Edgar Farlow, (hereinafter "Farlow" or "Plaintiff") is a resident of Odenville, St. Clair County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Middle Division.

4.      Plaintiff, Jonathan Layfield, (hereinafter "Layfield" or "Plaintiff") is a resident of Attalla, Etowah County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Middle Division.

5.      Plaintiff, Jacob Rose, (hereinafter "Rose" or "Plaintiff") is a resident of Trussville, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus,

pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Middle Division.

6.     Plaintiff, Austin Vanschoubroek, (hereinafter "Vanschoubroek" or "Plaintiff") is a resident of Odenville, St, Clair County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Middle Division.

7.     Defendant Mashburn Plumbing, LLC ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

8.     Defendant Joseph D. Mashburn (hereinafter "Defendant"), is an individual and resident of Odenville, St. Clair County, Alabama, as well as the owner of Mashburn Plumbing, LLC; he supervised the day-to-day operations of Defendant Mashburn Plumbing, LLC, , including the supervision of the Plaintiffs,  meaning that he is an employer as defined by the FLSA.

## III.   STATEMENT OF FACTS

9.    Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-8 above.

10.    Defendants hired Plaintiff Colburn on or about March 2020

11.    Defendants employed Plaintiff Colburn as Truck runner.

12.    At all times during the employment relationship, Defendants classified Plaintiff Colburn as an hourly paid, non-exempt employee.

13.    Defendants employed Elton Harris.

14.    Harris supervised Defendants' commercial plumbing division.

15.    During Plaintiff's Colburn's employment with Defendants, Harris was Colburn's immediate supervisor.

16.    Plaintiff Colburn resigned his employment during March 2021.

17.    Defendants last paid Plaintiff Colburn an hourly rate of $16.00 per hour.

18.    From the beginning of his employment through the end of his employment, Plaintiff Colburn typically worked over forty hours in a work week.

19.    Defendants hired Plaintiff Farlow on or about January 1, 2019.

20.    Defendants employed Plaintiff Farlow as Truck runner.

21.    At all times during the employment relationship, Defendants classified Plaintiff Farlow as an hourly paid, non-exempt employee.

22.     During Plaintiff's Farlow's employment with Defendants, Harris was Farlow's immediate supervisor.

23.     Plaintiff Farlow's employment with Defendant ended on January 1, 2021.

24.     From the beginning of his employment through the end of his employment, Plaintiff Farlow typically worked over forty hours in a work week.

25.     Defendants last paid Plaintiff Farlow an hourly rate of $18.00 per hour.

26.     Defendants hired Plaintiff Layfield on or about January 1, 2018.

27.     Defendants employed Plaintiff Layfield as Plumbing Apprentice.

28.     At all times during the employment relationship, Defendants classified Plaintiff Layfield as an hourly paid, non-exempt employee.

29.     During Plaintiff's Layfield's employment with Defendants, Mashburn was Layfield's immediate supervisor.

30.     Plaintiff Layfield's employment with Defendant ended on January 10, 2022.

31.     From the beginning of his employment through the end of his employment, Plaintiff Layfield typically worked over forty hours in a work week.

32.     Defendants last paid Plaintiff Layfield an hourly rate of $17.00 per hour.

33.     Defendants hired Plaintiff Rose on or about December 23, 2018.

34.     Defendants employed Plaintiff Rose as Journeyman Plumber.

35.     Plaintiff Rose's employment with Defendant ended on October 6, 2021.

36.     At all times during the employment relationship, Defendants classified Plaintiff Rose as an hourly paid, non-exempt employee.

37.     From the beginning of his employment through the end of his employment, Plaintiff Rose typically worked over forty hours in a work week.

38.     Defendants last paid Plaintiff Rose an hourly rate of $18.00 per hour.

39.     Defendants hired Plaintiff Vanschoubroek on or about December 23, 2018.

40.     Defendants employed Plaintiff Vanschoubroek as Truck runner and Shop Manager.

41.     At all times during the employment relationship, Defendants classified Plaintiff Vanschoubroek as an hourly paid, non-exempt employee.

42.     During Plaintiff's Vanschoubroek's employment with Defendants, Mashburn, Harris, and/or Corey Johnson supervised Vanschoubroek's labor.

43.     Plaintiff Vanschoubroek's employment with Defendant ended on September 20, 2021.

44.     From the beginning of his employment through the end of his employment, Plaintiff Vanschoubroek typically worked over forty hours in a work week.

45.     Defendants last paid Plaintiff Vanschoubroek an hourly rate of $16.00 per hour.

46.     At the direction of Defendant Joseph Mashburn, Plaintiffs arrived at Defendants' business location found at the address of 11155 Highway 174, Odenville, AL 35120.

47.     Upon arrival to Defendants' business location, Plaintiffs clocked-in to commence their recorded time worked.

48.     Defendants employed Elton Harris.

49.     Harris supervised Defendants' commercial plumbing division.

50.     Defendants employed Corey Johnson.

51.     Johnson supervised Defendants' residential & service plumbing division.

52.     Defendant Mashburn and/or other supervisory employees instructed the Plaintiffs on what jobs or assignments each would perform that day.

53.     Defendant Mashburn and/or other supervisory employees instructed the Plaintiffs about the various supplies needed for the day's work.

54.     Plaintiffs then loaded the supplies onto Defendants' vehicles.

55.     During the morning working period, Plaintiffs also turned in paperwork from the previous day's work.

56.   Plaintiffs then traveled to the various customer locations that sought Defendants' services.

57.   At the conclusion of the labor performed at the last customer location, Plaintiffs drove Defendants' truck back to Defendant's business location.

58.   Plaintiffs then unloaded Defendants' tools from the trucks and stored the tools in a secure location.

59.   Plaintiffs then locked and secured Defendants' vehicles.

60.   Plaintiff Vanschoubroek stayed later than the other Plaintiffs to clean up Defendants' shop and ensure that all of the Plaintiffs and other drivers returned their trucks and secured their tools.

61.   At the conclusion of the working day, Plaintiffs clocked-out such that the recorded time worked ceased.

62.   Defendants deducted thirty minutes of recorded time worked from each of the Plaintiffs recorded working hours for travel time for each working day.

63.   Plaintiffs' time traveling from Defendant's business location to its customer location is compensable time worked pursuant to 29 C.F.R. § 785.38 as such travel time was integral and indispensable part of the preliminary activities that Plaintiffs performed for Defendants' benefit.

64.   Plaintiffs' time traveling from the last worksite back to Defendant's business location is compensable time worked pursuant to 29 C.F.R. § 785.38 such

travel time was integral and indispensable part of the postliminary activities that Plaintiffs performed for Defendants' benefit.

65.   Defendants' deduction of thirty minutes of recorded time worked for "travel time" deprived Plaintiffs of overtime compensation.

66.   Defendants deducted thirty-minutes of recorded time worked for a meal period from each Plaintiff's recorded time worked for each working day.

67.   Plaintiff Colburn received an uninterrupted thirty-minute meal period approximately three to four times per month.

68.   Harris had knowledge that Plaintiff Colburn did not receive an uninterrupted thirty-minute meal period.

69.   Plaintiff Farlow received an uninterrupted thirty-minute meal period approximately twice per month.

70.   Harris had knowledge that Plaintiff Farlow did not receive an uninterrupted thirty-minute meal period.

71.   Plaintiff Layfield received an uninterrupted thirty-minute meal period approximately three times per week.

72.   Harris had knowledge that Plaintiff Layfield did not receive an uninterrupted thirty-minute meal period.

73.   Harris encouraged Plaintiff Vanschoubroek to not take a thirty-minute meal period.

74.     Harris had knowledge that Plaintiff Vanschoubroek did not receive a uninterrupted thirty-minute meal period

75.     Plaintiff Vanschoubroek received an uninterrupted thirty-minute meal period approximately two to three times per month.

76.     In violation of 29 C.F.R. § 785.19, Defendants' deduction of thirty minutes of recorded time worked for a meal period deprived Plaintiffs of overtime compensation.

## IV.     COUNT ONE – FLSA – Overtime Violations

77.     Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-76 above.

78.     During the three years preceding the filing of this Complaint, Defendant Masbhurn Plumbing, LLC was or is an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. § 203(s)(1).

79.     During the three years preceding the filing of this Complaint, Defendant Mashburn Plumbing, LLC has been a company wherein two or more employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

80.     Upon information and belief, Defendant Mashburn Plumbing, LLC's gross annual volume for 2019 of revenue exceeded $500,000.

81.     Upon information and belief, Defendant Mashburn Plumbing, LLC's gross annual volume for 2020 of revenue exceeded $500,000.

82.     Upon information and belief, Defendant Mashburn Plumbing, LLC's gross annual volume for 2021 of revenue exceeded $500,000.

83.     At all times relevant to this action, Defendant Mashburn Plumbing, LLC was an employer of Plaintiffs as defined by 29 U.S.C. § 203(d).

84.     At all times relevant to this action, Defendant Joseph D. Mashburn was an employer of Plaintiffs as defined by 29 U.S.C. § 203(d) as he supervised the Plaintiffs and set the compensation policy regarding the deductions from Plaintiffs recorded time worked based on travel time and meal periods.

85.     During the three years preceding the filing of this Complaint, Plaintiffs were employees of Defendants as defined by 29 U.S.C. § 203(e)(1).

86.     Plaintiffs were engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant. Plaintiffs' interstate commercial activity included, but was not limited to, installing products purchased by the customer that originated out of state or outside of the United States.

87.     During the three years preceding the filing of this Complaint, Defendants recorded Plaintiffs' hours worked in excess of forty hours for a work week on at least one or more occasion.

88.     Through its thirty-minute deduction from the Plaintiffs recorded time worked for travel time, Defendants failed to pay Plaintiffs for all hours worked in excess of forty in a work week.

89.     Through its thirty-minute deduction from the Plaintiffs recorded time worked for various meal period in which the above identified Plaintiffs did not receive a bona fide thirty-minute uninterrupted meal period, Defendants failed to pay Plaintiffs for all hours worked in excess of forty in a work week.

90.     As the result of Defendants' willful and intentional violation of the FLSA, Plaintiffs have been damaged, suffering loss of overtime pay.

## V.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.     The Court issue proper process to compel Defendants to answer or otherwise plead to the allegations contained in the Complaint;

B.     This Court each award Plaintiff the amount of his unpaid overtime pay, unpaid overtime premium, unpaid minimum wages, liquidated damages equal to the amount of all unpaid wages; nominal damages; and special damages;

C.     That Plaintiffs be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D.     For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold


_____
Whitney Morgan Brown

OF COUNSEL:
ALLEN D. ARNOLD, LLC
6 Office Park Circle, Ste. 209
Mountain Brook, Alabama 35223
T: (205) 252-1550
F: (205) 469-7162
ada@allenarnoldlaw.com


_____
Adam M. Porter

OF COUNSEL:
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email:adam@adamporterlaw.com


**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**


_____
OF COUNSEL

**DEFENDANTS ADDRESSES:**
Mashburn Plumbing, LLC
c/o Joseph D. Mashburn
10255 Mize Road
Remlap, AL 35133

Joseph D. Mashburn
10255 Mize Road
Remlap, AL 35133